# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JEREMY DEWAYNE FOSTER** | **CIVIL ACTION NO. 22-1192-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **WARDEN TRAVIS DAY** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report, and recommendation.

## STATEMENT OF CLAIM

Before the court is a petition for writ of <u>habeas corpus</u> filed by <u>pro se</u> petitioner Jeremy Dewayne Foster, pursuant to 28 U.S.C. §2254.[1]  This petition was received and filed in this court on May 3, 2022.  Petitioner was incarcerated in the Allen Correctional Center in Angie, Louisiana when he filed this petition.  Petitioner names Warden Travis Day as respondent.

Petitioner was ordered on July 21, 2022 to file, within 30 days of the service of the order, an amended petition, documentary proof that he exhausted his available state court remedies, and a response demonstrating that his petition is timely.  The deadline for Petitioner to submit the materials outlined in the memorandum order was extended

---

[1] Petitioner filed this petition pursuant to 28 U.S.C. §2241.  Upon further review, the undersigned has determined the petition should be filed pursuant to 28 U.S.C. §2254.

until September 23, 2022. To date, Petitioner has not responded to the memorandum order.

Accordingly;

**IT IS RECOMMENDED** that this petition be **DISMISSED WITHOUT PREJUDICE**, <u>sua sponte</u>, for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as interpreted by the court and under the court's inherent power to control its own docket. <u>See</u> <u>Link v. Wabash Railroad Company</u>, 370 U.S. 626, 82 S.Ct. 1386 (1962); <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 320-321 (5th Cir. 1982).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. <u>See</u> <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, at Shreveport, Louisiana, on this 20th day of October 2022.

Mark L. Hornsby
U.S. Magistrate Judge